## WIMPARI v. RUBICON LUMBER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FIND-
ING THAT MINOR WAS NOT ENGAGED IN HAZARDOUS EMPLOYMENT
JUSTIFIED BY PROOFS.

In proceedings by a boy a few months over 16 years of
age for compensation under the workmen's compensation
act for an injury to his hand received while working on
a "slasher table" in a sawmill, the finding of the ar-
bitrator that plaintiff was not working at hazardous em-
ployment within the meaning of 2 Comp. Laws 1915, §
5332, requiring a permit to be granted therefor, *held*, justi-
fied by the proofs.

2. SAME—EFFECT OF EMPLOYER'S ADMISSION ON INSURER.

Whether an admission by the employer's counsel that
plaintiff's employment was not hazardous, and therefore
his contract of employment was legal, entitling him to
compensation under the workmen's compensation act, was
binding on its insurer,—*quære*.

3. SAME—AWARD WILL NOT BE SET ASIDE IF JUSTIFIED BY PROOFS
ALTHOUGH BASED ON ERROR.

That the department of labor and industry in affirming
an award to plaintiff, based its finding that he was not
engaged in hazardous employment on the admission of
his employer's counsel rather than on the proofs sub-
mitted at the hearing before the arbitrator, will not justify
the Supreme Court in setting the award aside, where the
proofs justified said finding, even if the department was
in error in basing its finding on said admission.

4. SAME—DUTY OF SUPREME COURT TO MAKE SUCH ORDERS AS
JUSTICE REQUIRES.

It is the duty of the Supreme Court, under 2 Comp. Laws
1915, § 5465, when the action taken by the department is
before it for review, "to make such further orders in
respect thereto as justice may require."

Certiorari to Department of Labor and Industry.
Submitted April 10, 1924.    (Docket No. 44.)    De-
cided June 2, 1924.

On applicability of compensation statutes to minors, see note
in L. R. A. 1918F, 209.

Evert Wimpari presented his claim for compensation against the Rubicon Lumber Company and the Grand Rapids Trust Company, receiver, for an accidental injury in defendants' employ.     From an order awarding compensation, the General Casualty & Surety Company, insurer, brings certiorari.     Affirmed.

*Alexander & Ruttle,* for appellant.

*Rees, Robinson & Petermann,* for appellee.

SHARPE, J.     The defendant surety company reviews by certiorari an award made by the department of labor and industry in favor of the plaintiff for an injury to his right hand, caused by its coming in contact with machinery in the sawmill of the defendant lumber company, in which he was then working.     The work which plaintiff was employed to perform was "tailing the edger."     The lumber passes from the saw by which it is cut on live rollers to smaller saws which remove the edgings and make the boards of uniform width.     Plaintiff was required to place these edgings on what is spoken of as the "slasher table," on which they were carried on live rollers to small saws, which cut them into uniform lengths.     Another boy was employed to straighten them on the table as they passed to the saws.     Plaintiff was doing the work of this boy under direction of his "boss," as he testified, at the time of his injury.     In some way, not very clearly explained, the mitten on his right hand got caught in an unguarded gearing beneath the table, and his hand was drawn into it and badly injured. He was then but a few months over 16 years of age.

Section 5332, 2 Comp. Laws 1915, provides, amongst other things, that "no male under the age of eighteen years shall be  *  *  *  employed  *  *  * in any hazardous employment," with a proviso that, when over sixteen and under eighteen, he may

be employed, except in certain specified occupations, if his employment is first approved by the department of labor (now the department of labor and industry) as not being unduly hazardous.    No permit had been applied for or granted.    The deputy commissioner before whom an arbitration was had found, under the proofs submitted, that the plaintiff was not engaged in a hazardous employment, and awarded him compensation under the act.    On appeal to the full board, no additional proofs having been taken, this award was affirmed.    The board, however, did not base its finding that the work was not hazardous on the proofs, but on an admission of the attorneys for the employer.    It is insisted by counsel for the surety company that the employer may not bind this company by such an admission.    On this question we are not in agreement.    From the proofs submitted, we think the deputy commissioner was justified in his finding that the work in which plaintiff was engaged at the time of his injury was not a "hazardous employment" within the meaning of this term as used in the act.    But two witnesses testified as to this.    Frank M. Ennis, the superintendent of the lumber company, a man of long experience in the sawmill business, testified positively that plaintiff's work was not hazardous; that "this machine couldn't be guarded and run the way it's planned.    It wouldn't be practical if it was guarded any more than it is;" that he "never knew anyone to be injured on them" before that day.    J. G. Streeter, who had also had long experience in the sawmill business and was looking after the mill on the day plaintiff was injured, testified:

"*Q.* Any employee working clearing an edger or feeding a slasher is working in a dangerous place, is he not?

"*A.* Yes, they are all dangerous.    There isn't a

227—Mich.—15.

safe place in a sawmill as far as that is concerned. A piece of machinery is liable to break and fly any time.

"Q. The work is hazardous?

"A. That's what I should call it."

Under this proof the determination of the deputy commissioner that plaintiff was not engaged in a hazardous employment was justified, and the board might well have so found.    That it based its affirmance of the award on the concession of counsel for the lumber company, if in error in so doing, will not justify us in setting the award aside, if supported in this respect by a preponderance of the proofs.    It is made the duty of this court, under section 12 of part 3 of the act (2 Comp. Laws 1915, § 5465), when the action taken by the board is before us for review "to make such further orders in respect thereto as justice may require."    *Kirkley* v. *General Baking Co.,* 217 Mich. 307.

The work in which plaintiff was engaged at the time of his injury not being hazardous, his contract of employment was legal, and his right of recovery under the act must be upheld.

The award is affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.