## SCHULTZ v. KINNEY SAND CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—WHETHER OCCUPATION OF MINOR HAZARDOUS QUESTION OF FACT.

Whether the occupation of a 17-year old boy, who was accidentally killed while employed at defendant's sand pit, was hazardous within the meaning of Act No. 206, Pub. Acts 1923, prohibiting the employment of minors at hazardous occupation, is a question of fact, and where the finding of the department of labor and industry that deceased's occupation was not hazardous is supported by evidence, the provisions of the workmen's compensation act are applicable and an award to the dependents thereunder is justifiable.[1]

Certiorari to Department of Labor and Industry. Submitted April 22, 1925. (Docket No. 59.) Decided May 14, 1925.

George B. Schultz and another presented their claim for compensation against the Kinney Sand Company for the accidental death of their decedent in defendant's employ. From an order awarding compensation, defendant and the Standard Accident Insurance Company, insurer, bring certiorari. Affirmed.

*Lightner, Oxtoby, Hanley & Crawford,* for appellants.

*Hugh E. Lillie,* for appellees.

CLARK, J. On July 12, 1924, Arthur Schultz, a boy 17 years old, employed by defendant Kinney Sand company, suffered a fatal accidental personal injury arising out of and in the course of the employment. An award to his dependents is contested on the ground that the employment was illegal, because hazardous,

---

[1]Workmen's Compensation Acts, C. J. § 127.

On application to minors of workmen's compensation act, see notes in L. R. A. 1917D, 90; L. R. A. 1918F, 209.

and contrary to Act No. 206, Pub. Acts 1923, and that therefore deceased was not an employee under the act (Comp. Laws Supp. 1922, § 5429). *Kruczkowski* v. *Polonia Publishing Co.,* 203 Mich. 211.

That the employment was otherwise illegal because of the provisions of the statute first above cited is a question not presented by the record.

In employer's sand pit, a locomotive crane was used to load sand into railroad cars standing on a side track. The crane was also used in moving and in spotting cars. There is evidence that the boy's duties were to clean out the cars when received from the railroad, to assist in stripping the land in advance of excavating, to remove roots from the sand after it had been loaded into the cars, and to assist in coaling the crane when it was not in use. The evidence tends to show that he had nothing to do on or about the crane when it was in operation, or with the moving or switching of cars. There was opinion evidence that his work was not hazardous.

Defendants say that it was hazardous, and therefore illegal, as a matter of law. Plaintiffs say that whether hazardous or not was a question of fact, determined in their favor by the department, which determination, having evidence to support it, is conclusive under well-settled law. We think plaintiffs are right. Under many decisions, accessible, and which need not be quoted, it is held that the evidence presented a question of fact and that the finding of the department has evidential support. See *Great Lakes Laundry Co.* v. *Insurance Co.,* 184 Mich. 294, and cases there cited; *Gee* v. *Brunt,* 214 Mich. 679; *Wimpari* v. *Rubicon Lumber Co.,* 227 Mich. 223.

The award is affirmed.

MCDONALD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. BIRD, J., did not sit.