## ANDERSON *v.* ESCANABA & LAKE SUPERIOR RAIL-ROAD CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT OF LABOR AND INDUSTRY CONCLUSIVE WHERE SUPPORTED BY EVIDENCE.

On certiorari to review the finding of the department of labor and industry that, at the time of filing his claim under the workmen's compensation act, an employee was not suffering from an injury previously received and for which he had received compensation, where supported by the evidence, may not be disturbed by the Supreme Court.[1]

Certiorari to Department of Labor and Industry. Submitted April 7, 1926.   (Docket No. 36.)   Decided June 7, 1926.

John Anderson presented his claim for compensation against the Escanaba & Lake Superior Railroad Company and others for an accidental injury in defendants' employ.   From an order denying compensation, plaintiff brings certiorari.   Affirmed.

*H. J. Rushton* and *Derham & Derham,* for appellant.

*Ryall & Frost (Upham, Black, Russell & Richardson* and *A. A. McLaughlin,* of counsel), for appellees.

WIEST, J.   In May, 1919, the Escanaba & Lake Superior Railroad was an instrumentality of the United States, having been taken over, together with employment of its agents and employees, by the government, on December 28, 1917.   That month plaintiff, a section foreman on the railroad, was injured.   Report of the injury was made and a compensation agreement reached.   Payments under the agreement were made by the United States Railroad Admin-

---

[1] Workmen's Compensation Acts, C. J. § 127.
Right and extent of review of findings of commission under workmen's compensation acts, see note in L. R. A. 1917D, 187.

istration. August, 1919, plaintiff signed a final settlement receipt and returned to his work for the railroad and so continued until about December 1, 1923. Asserting the accident had caused Jacksonian epilepsy plaintiff made application, in July, 1924, for further compensation. This application was heard by a deputy commissioner, and, in October, 1924, the petition was dismissed. No appeal was taken. Another application was made by plaintiff in January, 1925, and on February 13, 1925, a deputy commissioner held that the department had jurisdiction in the premises. An appeal was taken. In April, 1925, another petition was filed asking for further compensation against the United States Railroad Administration and James C. Davis, director general of railroads. On May 14, 1925, the petition was dismissed by a deputy commissioner. An appeal was taken by plaintiff. Upon hearing before the board the holding of the deputy commissioner that the department had jurisdiction was reversed and a finding made that plaintiff was not suffering from the injury received in 1919. The board also found that, at the time of the injury, the railroad was operated by the United States government, and, under the provision of the Federal transportation act limiting liability of the government to demands pressed within two years from March 1, 1920, plaintiff could not make any demand for compensation from the United States railroad administration or James C. Davis, director general of railroads.

The legal question we need not consider. The board found plaintiff was not suffering from the injury received in 1919, and the evidence sustains the finding. The testimony of the doctor who treated plaintiff at the time of the. accident, and had been acquainted with him for 15 years, was to the effect that plaintiff had a fracture of the skull on the left side—

a depressed fracture of the skull; that he operated on this fracture and removed the loose bone, together with a portion of the temporal lobe of the brain; that this fracture, while it temporarily affected the word memory center, was not in the area where it would cause Jacksonian epilepsy; that the cause of Jacksonian epilepsy frequently is a scar involving the motor area and the injury was not in the motor area.

There being evidence in support of the finding of the board, we may not disturb the finding. *Leitz v. Labadie Ice Co.*, 229 Mich. 381; *Millaley v. City of Grand Rapids*, 231 Mich. 10; *Schultz v. Kinney Sand Co.*, 231 Mich. 37; *Bunker v. Motor Wheel Corp.*, 231 Mich. 334.

Affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.