WALKER *v.* CITY OF PORT HURON.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—MUNICIPAL CORPORATIONS—"OFFICIAL."

An official of an incorporated city, within the meaning of the workmen's compensation act, means one who holds a city office, an official place or position in the city created for him either by general or local legislation.

2. SAME.

Where plaintiff was engaged by the commissioner of parks and public property of the city of Port Huron as "special officer," in one of the public parks of said city, his duties being general in character and not very clearly defined, but neither the charter nor ordinances of the city provided for such office, he was not an officer of said city but merely an employee, within the meaning of the workmen's compensation act, although he went to the city clerk's office and took the constitutional oath.

Certiorari to Industrial Accident Board.  Submitted October 6, 1921.  (Docket No. 49.)  Decided December 21, 1921.

William R. Walker presented his claim for compensation against the city of Port Huron for accidental injuries received in defendant's employ.  From an order awarding compensation, defendant brings certiorari.  Affirmed.

*Burt D. Cady,* for appellant.

*John B. McIlwain,* for appellee.

SHARPE, J.  The city of Port Huron is operating under a commission form of government.  By its charter, its corporate powers are distributed among

As to who is an employee within the meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145, and L. R. A. 1918F, 201.

five departments: 1. Public officers. 2. Accounts and finance. 3. Public safety. 4. Streets and public improvements. 5. Parks and public property. The commission is authorized to determine the powers and duties of the several departments, to appoint officers and employees and to prescribe their duties. The charter requires all officers to take the constitutional oath of office before entering upon their duties. The commission is also empowered to preserve the public peace, public health and good order of the city. The charter provides:

"The chief of police, policemen, regular or extra, who shall be appointed from time to time, shall possess and exercise the same powers which township constables exercise and possess under the general laws of the State, subject to such limitations as may be prescribed by ordinance." Chap. 7, § 50.

The claimant was hired by James E. Green, commissioner of parks and public property, to perform certain duties in a park of the city during the summer of 1918. Mr. Green testified that he went to claimant's home in 1920 and "asked him if he wanted the police job back in the park and he said yes. * * * I told him to go down and get sworn in and I told him when to go up on the job." He was then asked:

"*Q.* Did you inform the applicant, William R. Walker, of what his duties would be as special officer in Pine Grove Park?
"*A.* Why, no, I don't know that I did. I presume he understood it from being there before."

Mr. Walker testified that his duties were—

"to look after the people generally around there, to see that they did not get injured, take care of the kids going down on the breakwater to see that they did not get down there too thick and fall in the river, something of that kind; at nights, when they were using the water through the park I used to shift the hose around in different places wherever he told me

he wanted it done, or cut off any streams that he wanted at certain times."

He was then asked:

"Q. When you say 'he,' who do you mean?
"A. The foreman.
"Q. Mr. Gahnz?
"A. Yes; to look after the parking of automobiles on the lawns.
"Q. Anything to do with the shrubbery?
"A. Nothing more than to see that people did not pick the flowers and pick the seeds in the fall of the year.
"Q. Was there any particular name given to you?
"A. No, I don't know.   You could call me a watchman or something of that kind."

Claimant went to the city clerk's office and took the constitutional oath, in which he was designated as a "Special officer, Pine Grove Park, for the city of Port Huron." He entered upon his duties and, a few days thereafter, was injured. He presented a claim and an allowance was made to him under the workmen's compensation act. Section 7 of part 1 of the act (2 Comp. Laws 1915, § 5429) excepts "any official of * * * any city" from its provisions.

Was claimant an official of the city? The facts do not seem to be in dispute. The question whether the claimant was an officer or an employee must be determined by the applicable provisions of the charter and ordinances and the duties claimant was engaged to perform. The fact that he took the oath of office, while persuasive, is not controlling. *McNally* v. *City of Saginaw,* 197 Mich. 106, 112. In *LaBelle* v. *Village of Grosse Pointe Shores,* 201 Mich. 371, it is said:

"It is elementary that there must be an office before there can be an officer. * * * An official of an incorporated village means one who holds a village office, an official place or position in the village, created for him either by general or local legislation."

Mr. Mechem, in his work on Public Officers, § 5, says:

"A public office * * * is never conferred by contract, but finds its source and limitations in some act or expression of the governmental power. When, therefore, the authority in question was conferred by a contract, it must be regarded as an employment and not as a public office."

Mr. Green testified:

"*Q.* The policemen are under the chief of police?
"*A.* All that belongs to the police department.
"*Q.* And the chief is under the commissioner of public safety?
"*A.* Yes, sir.
"*Q.* Now, the police force of the city of Port Huron is not under your direction, is it?
"*A.* No.
"*Q.* You have nothing to do with the police force, have you?
"*A.* No."

Defendant relies on *Blynn* v. *City of Pontiac*, 185 Mich. 35. In that case, it appeared that the office of policeman was created by the charter and that Blynn was regularly appointed to fill the position. In the case before us, it does not appear that any such position as "Special officer" is provided for by the charter or ordinances of the city of Port Huron, or that the commissioner of parks and public property had any authority to appoint members of the police force. We think the board was justified in its conclusion that "the applicant was an employee of the city of Port Huron, within the meaning of the act, and, therefore, entitled to recover compensation."

The award is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.