SMITH *v.* HIX.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SON NOT ENTITLED TO SHARE IN PROPERTY PURCHASED WITH COMPENSATION WHERE MOTHER DISCHARGED FULLY ALL OBLIGATION TO HIM UNDER THE LAW.

Where the widow and infant son of a deceased workman were wholly dependent upon him for support at the time of his accidental death, and the widow received the compensation awarded under the workmen's compensation

act, and discharged fully all obligation put upon her as the surviving parent during all the period the compensation was paid, the son, after his mother's death, has no claim upon property purchased in joint names of herself and second husband with compensation money, on the theory that one-half of it belonged to the son and that the second husband should be declared to be a trustee of the son to the extent of one-half of the value of the property.[1] BIRD, C. J., and FELLOWS and McDONALD, JJ., dissenting.

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 18, 1925. (Docket No. 59.) Decided July 22, 1926. Rehearing pending.

Bill by Jefferson Smith, guardian of Smith D. Felton, a minor, against Emery Hix to establish a trust in certain land. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Benedict H. Lee* (*Ward N. Choate,* of counsel), for plaintiff.

*C. C. Yerkes* (*John A. Boyne,* of counsel), for defendant.

BIRD, C. J., (*dissenting*). Jack L. Felton was an employee of the Pere Marquette Railway Company. On December 30, 1912, he received an injury which resulted in his death the following May. He left a widow and infant son surviving him. The widow, Alta Felton, presented a claim for an award, and this resulted in an agreement, which was subsequently approved by the compensation board, to pay her $10 a week for 300 weeks. On December 6, 1913, the widow opened an account with the United Savings Bank of Plymouth, making deposits in sums of $10, or multiple of that sum. In January, 1914, the widow was married to defendant Hix. In September, 1914, the widow withdrew from her savings account $225, and a few days later she and defendant entered into

---

[1] Workmen's Compensation Acts, C. J. § 95 (Anno).

a land contract to purchase a certain dwelling on Kellogg street, in the village of Plymouth, and made a down payment thereon of $200. The land contract was so drawn that in the event of her death one-half would go to her husband and one-half to her son, the infant plaintiff. In October, 1916, Mr. and Mrs. Hix purchased on contract a 5-acre tract near Plymouth for $600 in their joint names. The first payment of $50 was made by Mrs. Hix. The contract called for an annual payment of $50. On April 28, 1917, their equity in the Kellogg street dwelling was sold for $360, and on that date Mrs. Hix deposited $390 in her savings account. On April 30, 1917, she withdrew from her savings account $438.64, presumably to pay for a small 4-room house, which had been built and finished on their 5-acre tract. It appeared that $410 was paid for materials and labor which entered into it. In September, 1918, Mrs. Hix received the last payment on her award, and she died in December, 1918. After her death, the defendant, Hix, borrowed $600 of the savings bank and paid the balance of $450 on the purchase price of the property, and used the balance of $150 for his own purpose. It is the contention of plaintiff that one-half of the compensation money belonged to the infant, and the claim is made by counsel that they have traced the money obtained from the award into the 5-acre tract, and that defendant, Hix, should be declared to be a trustee for the plaintiff to the extent of one-half of the value of the property. The respective claims of the parties were presented in the trial court, but the chancellor was of the opinion that the award belonged to the widow, and she was at liberty to do as she pleased with it, and he was further of the opinion that the fund was not sufficiently traced to the 5-acre tract.

To whom did the award belong? We think this question is answered by the compensation law of 1912. The material portion of it is as follows:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof, in one of the methods hereinafter provided, *to the dependents* of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to one-half his weekly wages but not more than ten dollars nor less than four dollars a week for a period of three hundred weeks from the date of the injury." * * * 2 Comp. Laws 1915, § 5435.

"In case there is more than one child thus dependent, the death benefit shall be equally divided among them. In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury; and in such other cases if there is more than one person wholly dependent, the death benefit shall be divided equally among them, and persons partly dependent, if any, shall receive no part thereof." * * * 2 Comp. Laws 1915, § 5436, subd. *c*.

Keeping in mind the purpose of the law, we think it is a reasonable interpretation to say that in case of death the award belongs to the dependents, and that the dependents include the dependent children as well as the dependent widow. If counsel's view is the correct one, that the widow is entitled to the entire award, it would lead to this result: After the death of the employee the widow would be entitled to the award, and if it were hers she could will it to a sister, and in case of her death the dependent children would be left without support. It is not difficult to see that this result would entirely subvert the purpose of the law. It is reasonable to conclude that when the widow recovers the award she is trustee of the fund for the benefit of the dependents of the deceased. In the amendment to the compensation law in 1919 the legislature made this view very plain by express language. Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436, subd. *c*). Inasmuch as the proofs

in this case show that the widow and infant son were wholly dependent upon the deceased, the award would belong to the son as well as to the widow, notwithstanding the fact that application was made by her and the award was paid to her.

Was the award traced into the 5-acre tract? The following bits of evidence are persuasive that the award, or the greater part of it, found its way into the 5-acre tract, and this fact may be established by parol evidence (*Ripley* v. *Seligman*, 88 Mich. 177):

(*a*) The widow had no means and no income except from the award.

(*b*) Soon after the award was made the widow opened a savings account, and the sums thereafter deposited corresponded to the amounts received on the award, or were multiples of that sum.

(*c*) The evidence shows the widow made the first payment of $200 on the Kellogg street dwelling. This was withdrawn from her savings account.

(*d*) The widow took care to protect the infant's interest in the Kellogg street property in case of her death.

(*e*) The parties purchased the 5-acre tract and the widow made the first payment of $50 thereon.

(*f*) Some of the subsequent payments on the 5-acre tract were made with small Liberty bonds. There was no evidence that Hix had any Liberty bonds, but the proof showed that the widow had bought and possessed some.

(*g*) When the Kellogg street property was sold the proceeds were undoubtedly used to pay for the materials and labor which entered into the small dwelling on the 5-acre tract.

(*h*) When the payments on the Kellogg street property and on the 5-acre tract were overdue, the delay in making payment was excused by the widow on the ground that she would have to wait until she received some more compensation money.

(*i*) The admissions of defendant Hix after his wife's death, in discussing a settlement between him and the boy, recognized the boy's right to one-half of the property.

From these and other items of evidence we think it may be fairly inferred that the award, or a greater portion of it, found its way into the purchase of the 5-acre tract and into the small dwelling which was erected by them thereon.        Our conclusion is that the plaintiff was equally interested with the widow in the award, and that the award was used to purchase the 5-acre tract and erect the dwelling house thereon.        The purchase of the 5-acre tract as an entirety by Mr. and Mrs. Hix resulted in a fraud upon the rights of plaintiff, and therefore defendant should now be declared to be a trustee for the plaintiff to the extent of one-half of the property.        An accounting should be had to determine what income has been derived from the premises since the death of the widow.        Defendant should be permanently enjoined from selling or incumbering the property.        Plaintiff should recover costs of both courts.

The decree of the trial court should be reversed.

FELLOWS and McDONALD, JJ., concurred with BIRD, C. J.

CLARK, J.        We quote a part of section 6, part 2, Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436):

"In all cases mentioned in this section the total sum due the surviving wife or husband and her or his own child or children shall be paid directly to the surviving wife or husband for her or his own use, and for the use and benefit of her or his own child or children; but if during the time compensation payments shall continue, the industrial accident board shall find that the surviving wife or husband is not properly caring for said child or children, it shall be the duty of said board to order the share or shares of such child or children to be thereafter paid to their guardian or legal representative for their use and benefit, instead of to their father or mother."        *        *        *

During the whole period of compensation the mother

cared properly for the child. The department made no order directing that the compensation be paid to any person other than the mother. She discharged fully all obligation put upon her as the surviving parent receiving the compensation for the child under the act. Were she living could the child call upon her to account for the compensation so received? Clearly not. No greater claim can be sustained against her heirs, representatives, or assigns. See note 19 N. C. C. A. 546; *Zoladtz* v. *Detroit Auto Specialty Co.*, 206 Mich. 349.

The trial judge was right.

The decree is affirmed, with costs to defendant.

SHARPE, STEERE, and WIEST, JJ., concurred with CLARK, J.

Justice MOORE took no part in this decision.