## SMITH *v.* HIX.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—TRUSTS—WIDOW WHO SUPPORTS SON UNDER NO OBLIGATION TO ACCOUNT FOR HIS SHARE OF COMPENSATION.

On rehearing, the former decree (235 Mich. 549) holding that a widow receiving compensation for herself and minor son under the workmen's compensation act, who supports the son, is under no obligation to account to him for his proportionate share of such compensation, is affirmed. BIRD, FELLOWS, and MCDONALD, JJ., dissenting.

Death, 17 C. J. § 66; Workmen's Compensation Acts, C. J. § 95 (Anno).

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 18, 1925. (Docket No. 59.) Decided July 22, 1926. Submitted on rehearing November 4, 1926. Former opinion affirmed June 6, 1927.

Bill by Jefferson Smith, guardian of Smith D. Felton, a minor, against Emery Hix to establish a trust in certain land. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Benedict H. Lee* (*Ward N. Choate*, of counsel), for plaintiff.

*C. C. Yerkes* (*John A. Boyne*, of counsel), for defendant.

ON REHEARING.

(See 235 Mich. 549.)

CLARK, J. On rehearing it is urged that Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436), cited in the original opinion, is not applicable because approved subsequent to the time in question. If that be conceded it makes no difference. The act is but declaratory of the policy of our compensation act. It expresses what had been implied. Appellant contends, that a widow and mother who has received by order of the department compensation for herself and child or children, dependents, must keep and account for proportionate share or shares of the compensation as belonging absolutely to the child or children, and that she, on her own, is bound by law to support the child or children. Suppose that a death under the act leaves a widow and six children, dependents. The maximum weekly compensation is $14. If appellant is right the widow must keep and preserve $2 per week for each child, and account for and pay over to or for each child the total of such accumulations. This

would leave the widow but $2 per week which she might use toward the support of herself and children.

True, a basic principle of the act is compensation. In the case at bar, it is compensation to the dependents for their loss. But it has been said many times that the public has an interest in the act. The taxpayers pay for its administrative features. It is determined that industrial loss and damage should be borne directly by the industry, not by society at large. So the burden of supporting dependents under the act is placed on the industry, not on the public. The department has the unquestioned right to direct that the entire compensation, paid weekly, for widow and children, dependents, be paid to the widow. She receives it for the support of herself and children. If she must preserve and account for the shares of the children, why pay it to her at all? If it had been intended that she was so to account, the act would have provided for bond, and for time, place, and manner of account, etc., but that is contrary to the spirit and purpose of the act.

The department has supervisory authority to see that the purposes of the act, respecting the support of dependents, be not frustrated. Doubtless, if a lump sum settlement were to be made, in a case where there are dependent minor children, the department might and should require the appointment of a guardian. In the case at bar the widow supported the child, did all that was required of her under the act. She, at her death, was not indebted to the child, hence no claim in favor of the child survives.

Affirmed, with costs to defendant.

SHARPE, C. J., and SNOW, STEERE, and WIEST, JJ., concurred with CLARK, J.

BIRD, J. (*dissenting*). The rehearing in this case has not persuaded me that any change should be made

in my former opinion. There has been much said about the amendment of 1919 to the compensation law and its effect, but I agree with my Brother CLARK that the act of 1919 did not change the situation so far as this case is concerned. So the fact that it was not in force when these happenings occurred is a matter of little consequence. Under either law (1912 or 1919) the boy would be entitled to half of the amount received, and his mother would be trustee for that half. The mother was a trustee to the same extent she would have been if she had been in possession of $1,500 which had been given to the boy by a stranger. And she recognized this obligation when she purchased the Kellogg street property by having it arranged so in case of her decease her half would go to the boy.

But Mr. Justice CLARK says the widow supported the boy, and at her death she was not indebted to him. If she had a trust fund in her possession of $1,500 which belonged to the boy, and she had expended money on the boy's account, she had no legal right to offset it against the trust fund without the consent of some court. The boy's rights ought to be protected, and this court ought to do it if it can.

I think the decree should be reversed.

FELLOWS and MCDONALD, JJ., concurred with BIRD, J.