GREENE *v.* CITY OF ANN ARBOR.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION.

Under the workmen's compensation act (Comp. Laws Supp. 1922, § 5445), a claim made within six months after the injured employee's death from accidental injuries is not barred because not made within two years after the date of the accident.

2. SAME—QUESTIONS OF FACT SHOULD BE PASSED ON BY COMMISSION.

Whether an injured employee accepted compensation from others than the employer and thereby elected not to take under the provisions of the workmen's compensation act is a question of fact which should be raised in the proceedings before the commission rather than on review.

Certiorari to Department of Labor and Industry. Submitted April 11, 1928. (Docket No. 102.) Decided June 4, 1928.

Mrs. Frank J. Greene presented her claim for compensation against the city of Ann Arbor and the Fidelity & Casualty Company of New York, insurer, for the accidental death of her husband in defendant's employ. From an order denying compensation, plaintiff brings certiorari. Reversed and remanded.

*Emmons, Klein, Ferris & Cook,* for appellant.

*Bishop & Weaver,* for appellees.

SHARPE, J. Plaintiff, the widow of Frank J. Greene, filed a claim for compensation under the workmen's compensation act. On final hearing before the com-

[1]Workmen's Compensation Acts, C. J. § 103; [2]Id., C. J. § 125 (Anno).

mission, it was held that her claim was barred because not made within two years after the accident which resulted in her husband's death.

This question was before us in the recent case of *Hovey* v. *Construction Co., ante,* 84, and it was there held that this statutory limitation did not apply to such a claim. It is but fair to the commission to say that language used in *Millaley* v. *City of Grand Rapids,* 231 Mich. 10, was capable of the construction they placed upon it. For this reason, the award must be vacated, with costs to plaintiff.

The defendant, however, also insists that the record discloses that plaintiff's husband in his lifetime made a claim for and accepted compensation from others, in whose immediate employ he was at the time of the accident, for the injury which he received, and that he thereby elected not to take under the provisions of the act. This presented a question of fact which was not passed upon by the commission.

The record will be remanded for further action not inconsistent herewith.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.