GREENE v. CITY OF ANN ARBOR.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RIGHT TO HEARING ON REMAND.

Where the holding of the department of labor and industry solely on the ground that plaintiff's claim for compensation under the workmen's compensation act was barred by the statute of limitations was reversed by the Supreme Court and the case remanded for disposition on the other questions involved, the department was not in error in proceeding to a decision without a further hearing; there being nothing new, and every question involved having been argued at length.

2. SAME—ELECTION TO PROCEED UNDER ACT DETERMINES RIGHTS.

Where an injured employee first elected to proceed under the workmen's compensation act, any sum subsequently paid him by the wrongdoer must be regarded as a pure gratuity, and would not affect the employee's rights under the act.

3. SAME—PAYMENTS DUE HUSBAND PAYABLE TO WIDOW.

Although payments to the widow of an injured employee begin with the date of his death, payments due him may be paid to her without the appointment of an administrator or of a guardian for the minor children (section 6, pt. 2, Act No. 64, Pub. Acts 1919).

Certiorari to Department of Labor and Industry. Submitted January 15, 1929. (Docket No. 109, Calendar No. 34,053.) Decided March 29, 1929.

Mrs. Frank J. Greene presented her claim for compensation against the city of Ann Arbor and the Fidelity & Casualty Company of New York, insurer, for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendants bring certiorari. Affirmed.

Widow as dependent under workmen's compensation acts, see annotation in 13 A. L. R. 708; 30 A. L. R. 1266; 35 A. L. R. 1075; 39 A. L. R. 319.

*Bishop & Weaver,* for appellants.

*Clark, Klein, Ferris & Cook,* for appellee.

Fellows, J. On January 14, 1924, Frank J. Greene filed with the department of labor and industry his notice and application for adjustment of his claim against the present defendants for compensation for injuries received in an industrial accident. March 11th following, a deputy commissioner awarded him compensation, which award was affirmed by the commission May 28th following. Compensation was paid to Mr. Greene up to and including May 21, 1925. There were no payments made to him after that time, although it does not appear that any order was made stopping payments, nor is any excuse offered for failure of defendants to make payments. Mr. Greene died November 6, 1926, and the present plaintiff, his widow and sole dependent, seeks compensation. Before the deputy commissioner and the commission defendants insisted that the action was barred by the statute of limitations, and that the workman in his lifetime elected to proceed against Walter H. Flood & Company, the wrongdoer. The commission disallowed plaintiff's claim solely on the ground of the statute of limitations. We reversed this holding and remanded the case for disposition of the other questions (242 Mich. 452). The case is again here, this time on application by the defendants. We will consider the objections made to the present award.

1. After the case was remanded, it having been in the first instance fully argued before the commission and all questions discussed at length, the commission proceeded to dispose of it without notice to the parties or without further argument. It is

not pointed out that any new questions were involved on the remand, but it is insisted there should have been a new or further hearing. If we had remanded to take testimony on a particular point or to determine a new question upon which counsel had not been heard, the commission should and doubtless would have given notice and have held a further hearing. But where there was nothing new, and every question involved had been argued at length, it was not error for the commission to proceed to decision without "threshing over old straw."

2. Defendants set up in their denial of liability a release signed by Mr. Greene on November 3, 1924, acknowledging payment by Walter H. Flood & Company for damages caused by the accident in question. It appears that the amount paid was $1,350. Defendants seem to have had a suspicion that arrangement had been made for this settlement before Greene made claim for compensation of defendants, and if so, they claim he had elected to proceed against the third party and could not recover compensation. But defendants got no further than a suspicion. They had no proof to support it. The proof and all the proof established that Mr. Greene first elected to proceed under the workmen's compensation act, and, after the award, succeeded in obtaining from Flood a settlement. The commission was correct in holding as matter of law that this was a pure gratuity on the part of Flood. Whatever the holdings were before, the rule which has been since followed was announced in *City of Grand Rapids* v. *Crocker,* 219 Mich. 178.

3. The record shows that defendants notified Mr. Greene that they would make no further payments to him because of his settlement with Flood, and that they made no payments to him after May 21,

1925. The record does not show and it is not claimed any order was made by the commission stopping payment, nor, so far as the record discloses, was such an order asked for. The defendants arbitrarily stopped payments. They now insist that compensation to the widow should begin at the date of her husband's death, and assign error on the action of the commission which required them to pay to her the amount that was due to her husband and which remained unpaid at his death. The widow is entitled to compensation as a dependent beginning with the date of the husband's death where compensation has been paid to the husband in his lifetime. *Pardeick* v. *Engineering Co.,* 220 Mich. 653. But both by statute and the practice of the department, payments due the injured spouse may be paid to the survivor without the appointment of an administrator or of a guardian for the minor children. Section 6, pt. 2, Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436); *Smith* v. *Hix,* 235 Mich. 549; 239 Mich. 373.

The award will be affirmed, with costs.

North, C. J., and Fead, Wiest, McDonald, Potter, and Sharpe, JJ., concurred. Clark, J., did not sit.