### HAYES v. BOUTELL.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT CONCLUSIVE IF SUPPORTED BY EVIDENCE.

On certiorari to review award under workmen's compensation act, Supreme Court may not reverse finding of department of labor and industry as contrary to great weight of evidence if finding is supported by competent evidence, although it might have reached different conclusion under conflicting testimony.

2. SAME—CAUSE OF DEATH.

Finding of department of labor and industry that employee's injuries received in course of his employment caused his death two years later from ruptured aneurism of aorta, may not be reversed as contrary to great weight of evidence, where supported by testimony, although there was impressive testimony to the contrary.

3. SAME—LIMITATION OF ACTION.

Claim under workmen's compensation act for death of employee from ruptured aneurism of aorta caused two years before by injuries received in course of his employment is barred under 2 Comp. Laws 1929, § 8431, where decedent, after his injury, for which he received compensation, returned to his former employment and continued therein for over two years, and until his sudden death, without claim of disability, or of disability in fact, and without continuing compensation.

Certiorari to Department of Labor and Industry. Submitted January 16, 1931. (Docket No. 55, Calendar No. 35,301.) Decided April 7, 1931.

Esther Hayes and another presented their claim against F. J. Boutell, employer, and New York Indemnity Company, a New York corporation, insurer, for compensation as dependents of Rutherford B. Hayes for his death while in defendant's employ. Award of compensation is reviewed by certiorari by defendants. Reversed.

*Hendryx & Mosier,* for plaintiffs.

*Butzel, Levin & Winston (Chris M. Youngjohn,* of counsel), for defendants.

WIEST, J. August 12, 1925, Rutherford B. Hayes, an employee of defendant F. J. Boutell, was struck by an automobile, and the artery in his right ankle was cut, and his right calf, knee, and hip bruised. Weekly compensation was by approved agreement. April 24, 1926, Mr. Hayes was able to and did resume and perform his former work and so continued until May 13, 1928, when he was found dead in a bathroom of his boarding house. An autopsy disclosed that his death was caused by a ruptured aneurism of the aorta. October 13, 1928, Esther

Hayes, his widow, filed claim for an award as a dependent and alleged that the injuries to the deceased in August, 1925, produced the ruptured aneurism in May, 1928. Defendants filed a denial of dependency and of causal connection between the injuries and death, gave notice of failure to make claim in season, and invoked the statute of limitations. Testimony was taken before a deputy commissioner, and plaintiff was denied an award. Upon review, under appeal by both parties, the commission awarded compensation to plaintiff and her minor child as dependents. Defendants review by certiorari.

There was opinion testimony by medical witnesses in support of the finding of the commission that the mentioned injuries caused the aneurism of the aorta two years later. In such case we may not substitute our judgment for that of the commission, although we are impressed by the testimony of another medical witness, of long practice and practical knowledge of aneurisms, that no such causal connection, as here claimed, between the injuries and the aneurism has ever been known and is absolutely impossible. The responsibility for finding facts is with the commission and we may not reverse on the ground that a finding is contrary to the great weight of evidence.

The claim for compensation in this case is barred by the statute. 2 Comp. Laws 1929, § 8431. Mr. Hayes resumed his former employment in April, 1926, and continued therein until his sudden death on May 13, 1928, without claim of disability, or of disability in fact, and without continuing compensation.

This case is on all fours with *Millaley* v. *City of Grand Rapids*, 231 Mich. 10, and, unless that case

is overruled, the award in this case cannot stand. In subsequent cases, under facts showing timely initial claim, award, and continued disability, we pointed out the inapplicability of the *Millaley Case* (*Hovey* v. *General Construction Co.*, 242 Mich. 84; *Greene* v. *City of Ann Arbor*, 242 Mich. 452; *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68), but we have not overruled our holding therein, and, under like facts, the *Millaley Case* is decisive. The opinion by the commission did not touch this point, and counsel for plaintiffs insist that the point was not urged before the commission. Counsel for defendants strenuously insist that the point was not only pleaded but was presented in argument before the commission. We are governed by the record, and find that the statute of limitations was pleaded, and, in the absence of some showing of waiver, we must assume that the point made was presented.

The award is vacated, with costs to defendants.

CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.