ROWE *v.* CONSUMERS POWER CO.

MASTER AND SERVANT—STATUTE OF LIMITATIONS—SUBSEQUENTLY
APPEARING DISABILITY.

   Two-year statute of limitations has no application to proceedings
   for compensation for subsequently appearing disability
   where actual disability developed within six months after the
   accident and compensation was awarded, as all subsequent
   proceedings for compensation for developments of same in-
   jury are administrative of, or incidental or supplemental to,
   the original award, the department of labor and industry hav-
   ing authority to review payments from time to time (2 Comp.
   Laws 1929, § 8431).

Appeal from Department of Labor and Industry.
Submitted April 5, 1934. (Docket No. 57, Calendar
No. 37,590.) Decided July 2, 1934.

Earl Rowe presented his claim against Consumers
Power Company, a corporation, for accidental in-
juries sustained while in defendant's employ. On
petition for further compensation. Defendant re-
views award to plaintiff by appeal in the nature of
certiorari. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Arthur J. Paul,* for defendant.

FEAD, J. This is certiorari to review an award of
the department of labor and industry granting
plaintiff specific compensation for 100 weeks for
loss of an eye. The question is whether the claim
is barred by the statute of limitations, 2 Comp. Laws
1929, § 8431, which provides that claim for compen-

sation shall be made within six months after an accident:

"Provided, however, That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within three months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained."

Plaintiff was injured January 20, 1927, and, on approved agreement, was paid compensation until he returned to work for defendant in May, 1928. He continued in defendant's employ until June 19, 1931, when he quit working. April 28, 1931, he had filed petition for further compensation, which was denied by the deputy commissioner on July 13th. The commissioner held that plaintiff was physically able to do the work he had been doing at the time of his injury. No appeal was taken from the award.

Plaintiff was paid wages by defendant and treated by its doctor from June, 1931, to April, 1932. May 25, 1932, he filed a second petition for further compensation alleging, among other disabilities, the "left eye has been covered and is lost for all practical uses." Defendant pleaded several defenses, including that the claim for loss of an eye was not made within the statutory time. The deputy commissioner denied the petition and, on appeal to the

full board, the award was affirmed. The board held that the eye difficulty could be corrected by glasses.

June 30, 1933, plaintiff filed the instant petition for further compensation, claiming total disability and specific loss of an eye. The deputy awarded compensation for total disability. The board on appeal modified the award to allow specific compensation for loss of an eye. It is undisputed the loss of eye developed more than two years after the accident.

Counsel for defendant rely on *Millaley* v. *City of Grand Rapids,* 231 Mich. 10; *Hayes* v. *Boutell,* 253 Mich. 628. In both cases the disability developed and became apparent within the initial six-months' period, compensation was paid for a time, the employee later resumed his employment and continued to work for several years and to the time of his death without claim of disability. It was held that his widow's claim of compensation for his death was barred by the statute.

Counsel for plaintiff cite *Hovey* v. *General Construction Co.,* 242 Mich. 84, in which the disability developed within six months, compensation was paid to the employee continuously to the time of his death, and it was held the widow's claim for the balance of compensation (2 Comp. Laws 1929, § 8428) was not barred by the statute. See, also, *Greene* v. *City of Ann Arbor,* 242 Mich. 452.

The evident distinction is that where disability is actual and apparent within six months after the accident and continues to the time of death, death is merely a phase or climax of the disability and is not a separate "injury, disability or incapacity" within the meaning of the statute. But where incapacity to labor has ceased, the employee has become able to resume his employment and has con-

tinued able to work to the time of death, death from the injury is a new and different disability or incapacity from that on which compensation to the employee was based.

The above cases have no application to the situation before us. At bar, actual disability developed within six months after the accident and compensation was awarded. All subsequent proceedings for compensation are administrative of, or incidental or supplemental to, the original award. The department has authority to review payments from time to time and the statute of limitations is not applicable to proceedings therefor. *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68. The reason for such power is that the original injury may be cured, ameliorated or aggravated. The employee may be able to resume work at times and have recurrences of disability. The department is given the power to take into consideration the existing conditions and withhold or award compensation accordingly. We think that where a compensable injury makes itself apparent within six months after the accident, the two-year statute of limitations has no application to compensation to the employee for any developments of the same injury which may occur thereafter. If this were not so, an employee already receiving compensation would be required to make claim of complications developing after six months on penalty of loss of compensation for disability arising out of such complications.

Affirmed.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.