TINNEY *v.* CITY OF GRAND RAPIDS.

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—DEFENSES NOT RAISED.

   On appeal from award of compensation by department of labor and industry, claimed defenses not noticed or raised before department will not be considered.

2. SAME—REPORT OF COMPENSABLE ACCIDENT—POLICEMAN.

   City *held,* under no statutory obligation to file report of compensable accident to policeman where evidence shows he continued to work after the injury, made no claim for compensation, suffered no disability and lost no time within three years thereafter which would make his injuries compensable (2 Comp. Laws 1929, § 8431).

3. SAME—ESTOPPEL—STATUTE OF LIMITATIONS.

   City which filed report of noncompensable accident to policeman but not within time required by statute *held,* not estopped from raising defense of statute of limitations against claim for compensation by employee (2 Comp. Laws 1929, §§ 8431, 8456 [a, e]).

4. STATUTES—CONSTRUCTION.

   Each section of the same act must be read in the light of the other and be construed together.

5. WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS.

Two-year statute of limitations as to subsequently appearing disability under workmen's compensation act begins to run from date of injury if employer's report of injury is made within time prescribed by statute; if made subsequently, statute begins to run from date report is filed (2 Comp. Laws 1929, §§ 8431, 8456 [a, e]).

6. SAME—STATUTE OF LIMITATIONS—APPLICATION.

Two-year statute of limitations respecting time within which claim for subsequently appearing disability must be filed should be applied when properly raised in defense to claim for compensation (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted October 29, 1935. (Docket No. 142, Calendar No. 38,124.) Decided January 7, 1936.

Oren Tinney presented his claim against the City of Grand Rapids, a municipal corporation, for compensation for accidental injuries received while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Peter A. Hartesvelt,* for plaintiff.

*Ganson Taggart* and *Louis H. Grettenberger,* for defendant.

TOY, J. The plaintiff, while in the employ of defendant, as one of its police officers, on July 27, 1927, was injured when the motorcycle, which he was driving in line of duty, collided with an automobile. The only injuries found by the city physician upon examination of plaintiff, soon after the accident, were bruises and contusions on both hips. Plaintiff's wife testified that when he was brought home plaintiff "was bruised in the lower part of his body and his abdomen was black and blue, and his legs;

he complained of his neck being sore, and of having a headache.''

Defendant admitted that it had notice and knowledge of the accident within three months thereof, and the record discloses undisputed testimony to the effect that defendant on August 13, 1927, mailed to the department of labor and industry a report of the accident, on form No. ''A,'' of the department, known as a ''report of non-compensable accident.''

After the accident plaintiff, accompanied by his wife, went away for two weeks, following which plaintiff returned to his employment. He was carried on the city payroll during those two weeks and lost no time from his employment.

The plaintiff continued to work for the defendant as a police officer until August, 1930, when he was discharged. On applying for reinstatement, he was given employment in the ''city store'' of defendant, where he worked until September, 1933, at which time he was discharged. On December 14, 1933, he gave notice to defendant of claim for injury, stating the nature of injury as follows:

''Thrown from motorcycle — rendered unconscious, left employee with periodical spasms in nature of epileptic fits.''

Upon plaintiff's application for adjustment of claim, defendant filed its answer thereto, denying the claim for compensation for the following reasons:

''(1) That the plaintiff has not made claim for compensation to the defendant within two years from the date of the alleged accidental injury, to-wit: July 27, 1927, as provided for in 2 Comp. Laws 1929, § 8431.

"(2)    That the alleged disability which plaintiff claims to have and to have had, is not the result of any accidental injury sustained while in the employ of the city of Grand Rapids, defendant herein."

Later and before hearing on said application, defendant filed an amendment to its denial of compensation, as follows:

"(3)    That the plaintiff had not made a claim for compensation to the defendant within six months from the date of the alleged accidental injury, to-wit: July 27, 1927, as provided for in 2 Comp. Laws 1929, § 8431."

A hearing was had before one of the deputy commissioners, proofs were taken, and an award made granting plaintiff $18 per week for a period of total disability, from the 26th day of September, 1933. Defendant filed a claim for review to the department of labor and industry, claiming that the award of the deputy commissioner was contrary to law because plaintiff had made no claim for compensation within six months from the date of his injury, as required by 2 Comp. Laws 1929, § 8431; and because plaintiff made no claim for compensation to defendant within two years from the date of the accidental injury, as required by section 8431.

The department of labor and industry, on review, affirmed the award of the deputy commissioner. Whereupon, defendant obtained leave of this court to make this appeal.

In its brief, defendant contends that the right of plaintiff to make claim for compensation is barred because he did not commence proceedings within six years of the date of the accident, and cites the case of *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220, in support of its contention. Defendant contends, also, that it has charter provisions providing

for compensation for disabled police department employees, and that the plaintiff by receiving his pay had elected to come under the charter provisions, and therefore was barred from proceeding on his claim for compensation under the workmen's compensation act.

These claimed defenses were not noticed or raised before the department of labor and industry, therefore, we will not here consider them. *Maki* v. *School District of Wakefield Township,* 235 Mich. 689.

Defendant did, however, give notice of its intention to claim 2 Comp. Laws 1929, § 8431, in bar of plaintiff's claim, stating: (1) That plaintiff did not make a claim for compensation within six months from the date of the accidental injury; (2) That plaintiff did not make claim for compensation within two years from the date of the accidental injury.

These defenses, although properly raised, were not allowed by the commissioners of the department of labor and industry. It was there held that the defendant, having failed to file "a report of compensable accident on the eighth day after the injury, cannot now raise the question of the statute of limitations."

Under the facts of this particular case, we think the commissioners were in error.

Defendant, on August 13, 1927, mailed a report of the accident to the department of labor and industry on Form No. "A" of the department, known as "report of non-compensable accident." Under paragraph 13, of that report, after the printed words "length of time lost by employee," the defendant filled in the blank space left for answer with the statement: "None. Receiving full pay." Defendant was evidently correct in this report, for in the record we find the testimony of plaintiff as follows, on direct-examination:

"*Q.* Now, witness, why didn't you file an application for compensation before you did?

"*A.* Because I was working right along.

"*Q.* And for whom were you working right along?

"*A.* The city.

"*Q.* They kept you right on as an employee?

"*A.* Yes, sir. I worked for the city of Grand Rapids from the time of the accident until just before I made application for compensation."

And on cross-examination:

"*Q.* Now, after your accident in July, 1927, and up to the time when you were employed at the city store, a considerable length of time, you were ill, isn't that true?

"*A.* No.

"*Q.* Well, did you work every day since the accident, until you worked for the city store?

"*A.* Yes—oh, I see what you mean now—yes, I had quite a number of those spells while I was working. * * *

"*Q.* You did not lose any time because of any illness, and because of being away from work for any period of time?

"*A.* No. * * *

"*Q.* What were they paying you for?

"*A.* They were paying me my regular wages."

From this quoted testimony of plaintiff, it clearly appears to us that his injuries had not caused him any loss of time. No disability had occurred from the accident during that period of three years thereafter which would make his injuries compensable. The defendant, therefore, was under no statutory obligation to file, during that time, a report of compensable accident. Certainly, we cannot read into the statute any language inferring a duty upon the part of the employer to anticipate future disability

of an employee injured in an accident, especially when such employee continues in his employment . without making any claim therefor, and without loss of time.

Defendant was, however, under obligation to file a report under 2 Comp. Laws 1929, § 8456, which reads, in part, as follows:

"On the eighth day after the occurrence of an accident resulting in personal injury, a report thereof shall be made in writing to the industrial accident board * on blanks to be procured from the board for that purpose, as follows:

"(a) In all cases in which the injured employee is injured so slightly that he loses no time, or little time, or returns to work within seven days, the employer shall on the eighth day after the occurrence of the accident make and send to the industrial accident board a report of said accident. * * * Said report shall be * * * mailed to the industrial accident board, at Lansing, Michigan, on the eighth day after the accident occurred. All noncompensable accidents shall be reported by the employer under this subdivision of this section. If any accident reported under this subdivision as a noncompensable accident shall later prove to be a compensable accident, the employer shall as soon as he learns the same to be a compensable accident make a report of the same under subdivision (b) below, and shall state in said report the fact that said accident was previously erroneously reported as a noncompensable accident."

Defendant mailed the report required by this section, but not until 17 days after the accident. Is defendant estopped from raising the statute of limitations, contained in the workmen's compensa-

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry. 2 Comp. Laws 1929, § 8312.—Reporter.

tion act, by failing to file such report within eight days? We think not.

In subdivision "e" of section 8456, we read that:

"If any employer shall, after he has notice or knowledge of an accident happening to one of his employees, refuse or neglect to make any of the reports required by this section, neither he nor his insurer shall have the right to raise the defense of the statute of limitations contained in section fifteen of part two of this act in any proceedings by injured employees, or their dependents, to recover compensation, and said employer shall be punished by a fine of not more than fifty dollars for each offense."

This section imposes the penalties mentioned therein for refusal or neglect to make "any of the reports required by this section." The legislature did not in express terms, in this section, provide that if such reports were not filed *as* required or *within* the eight-day period, the employer was barred from the right to raise the defense of the statute of limitations, referred to in the last-quoted section.

It will be noted that in the language of the section, above quoted, reference is made to the statute of limitations contained in part 2, § 15, of this act, which is 2 Comp. Laws 1929, § 8431. There we find this language:

"That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the industrial accident board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of

either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board.''

Each of these sections of the same act must be read in the light of the other, and be construed together, otherwise they are incompatible. By such joint construction then, it appears that not ''until'' the employer files the report required in section 8456, will the statute of limitations begin to run, nor may he raise the defense of the statute of limitations, as provided for in section 8431; or, stating it affirmatively, the statute of limitations begins to run *when* the employer files the report required in section 8456. Of course, if the employer files the required report within the eight-day period, the statute begins to run from the date of injury.

In the instant case the defendant filed the particular report required under the facts of this case 17 days after the accident. The statute of limitations began to run at that time. During the two-year limitation period, the accident which had been reported as non-compensable did not become compensable, therefore, defendant was under no obligation to report a compensable accident, within the meaning of the last sentence of the above-quoted subsection (a) of section 8456 of the act.

It is true that plaintiff's disability in fact did not occur until several years after the accident, and he therefore was in no position to make claim within the two-year period which, by virtue of section 8431, he is required to do. The statute is absolute, however, in its terms of limitation, and when it is properly raised in defense it must be given application. *Brown* v. *Weston-Mott Co.,* 202 Mich. 592; *Millaley* v. *City of Grand Rapids,* 231 Mich. 10; *Hayes* v. *Boutell,* 253 Mich. 628.

We therefore hold that plaintiff's claim is barred, as it was not made within the two-year period as provided in section 8431.

The award is vacated, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.