## UTAH OIL REFINING CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 4125.   Decided July 16, 1924.   (227 Pac. 1031.)

MASTER AND SERVANT—PAYMENT OF DEATH COMPENSATION TO STATE FOR WANT OF CLAIM NOT DEPENDENT ON APPLICATION OR ORDER.  Comp. Laws 1917, § 3140, subds. 1, 2, as amended by Laws 1921, c. 67, providing that if at end of year from date of death of employee no claim for compensation shall have been filed percentage of statutory compensation shall be paid into state treasury, requires employer to make payment into state treasury without application therefor to the Commission or special order, though, since the Commission must determine

the amount due, such an order, while unnecessary, is not improper.

Proceedings under the Workmen's Compensation Act, by Mrs. T. L. Grier, for the death of T. L. Grier, claimant, opposed by the Utah Oil Refining Company, employer, and the Guarantee & Accident Company, Limited, insurance carrier. Order of the Industrial Commission required payment of compensation into the state treasury, and the employer and insurance carrier bring writ of review.

AFFIRMED.

*Booth, Lee, Rich & Rich,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for respondents.

FRICK, J.

The plaintiff made application to this court, asking us to review certain proceedings of the Industrial Commssion of Utah, hereinafter called Commission. The writ was duly issued, and in obedience thereto the Commission has certified the proceedings had before it upon a certain application for compensation, which application is made the basis of this proceeding.

The facts giving rise to this proceeding briefly stated are: That on June 29, 1923, a woman styling herself as Mrs. T. L. Grier made an application to the Commission to be awarded compensation for the death of one T. L. Grier, who was also known by the name of Lee Brown, and who, it is conceded by the plaintiffs, at the time of his death was in the employ of the Utah Oil Refining Company; that on the 6th day of December, 1922, he was killed in the course of his employment and was earning wages at the rate of $29.76 per week; that, after hearing the evidence on the application of Mrs. Grier, the Commission, on the 31st day of January, 1924, among other findings, made the following:

"That for upwards of ten years prior to the death of the deceased, the applicant was known in the city of Oklahoma, Okl. as Mrs. J. R. Galbraith, and that she has not been in communication with the decedent in any manner for years prior to his death, and for about ten years prior to the death of the deceased the said applicant had lived with one J. N. Galbraith, who supported her and has supported her for ten years prior to the death of the deceased, and that for ten years prior to the death of the deceased the applicant had been entirely separated from the decedent. That Lee Brown, whose correct name is T. L. Grier, and who was fatally injured on December 6, 1922, while employed by the Utah Oil Refining Company, left no person or persons surviving him who were in any way dependent upon him for maintenance and support."

As conclusions, the Commission, on the same day, found:

"That, inasmuch as decedent left no person or persons surviving him who were in any way dependent upon him for maintenance and support, the defendants should be required to pay into the state treasury the sum of money provided in section 3140, subsec. 1 of the state Industrial Act; and applicant's claim for compensation should be denied."

The Commission, at the same time, entered an order requiring plaintiffs, or one of them, "to pay into the state treasury forthwith the sum of $998.40 as provided in section 3140, subsec. 1, of the said Industrial Act."

Comp. Laws Utah, § 3140, subds. 1 and 2, as amended by chapter 67, Laws Utah 1921, and as in force when Grier was killed, and the only parts of that section which are material to this inquiry, read as follows:

"The employer or insurance carrier shall pay the burial expenses of the deceased as provided herein, and if there are no dependents, shall pay into the state treasury a sum equal to twenty per cent. of the amount provided in subsection 2 of this section. Any claim for compensation must be filed with the Commission within one year from the date of the death of the deceased; and if at the end of one year from the date of the death of the deceased, no claim for compensation shall have been filed with the Commission, the payment of the sum equal to twenty per cent. of the amount provided in subsection 2 of this section shall be paid at that time into the state treasury by the employer or the insurance carrier. Such payment shall be held in a special fund for the purposes provided in subsections 6 and 7 of this section; the state treasurer shall be the custodian of this special fund, and the Commission shall direct the distribution thereof.

"If there are wholly dependent persons at the time of the death, the payment shall be 60 per cent. of the average weekly wage, but not to exceed a maximum of $16 per week, and to continue for the remainder of the period between the date of the death, and six years after the date of the injury, and not to amount to more than a maximum of $5,000 nor less than a minimum of $2,000."

The plaintiffs, in their application to this court contend that the Commission acted contrary to law and in excess of its jurisdiction or authority in making the order requiring plaintiffs, or one of them, to pay into the state treasury the amount before stated or to pay any amount. The foregoing contention is based entirely upon the proposition that, at the time the Commission made the order requiring the plaintiffs, or one of them, to pay the amount stated, the Commission had lost jurisdiction for the reason that no claim for the payment of said amount was made by the state or by any one in its behalf within one year from the time Grier was killed as hereinbefore stated. In view of the clear and unambiguous provisions of our statute which we have quoted above, we hardly grasp the import of plaintiffs' contention. The statute, in the clearest possible terms, fixes the time within which a claimant must present his claim for compensation, which is one full year from the date of the death of the person upon whom the claimant was dependent for support. The statute, in equally clear terms, provides that "if at the end of one year from the date of the death of the deceased, no claim for compensation shall have been filed with the Commission, the payment of the sum" stated in the chapter "shall be paid into the state treasury by the employer or the insurance carrier." The law thus makes it the legal duty of every employer, in case an employé is killed in the course of his employment, and such employé leaves no one dependent upon him for support, to make the payments provided for in the statute into the state treasury for the purposes stated in the statute. That such a provision in a statute is valid is no longer an open question in this jurisdiction, and the validity of the provision is not questioned by plaintiffs or either of them. The fal-

lacy of plaintiffs' contention therefore, consists in assuming that it is necessary to make an application to the Commission and that the Commission make an order for the payment of the amount the employer or insurance carrier is required to pay to the state in case the deceased employé leaves no one dependent on him for support. Under the statute no such application was or is necessary. The duty arises by operation of law.

It is no doubt true that payment cannot be made before the full time has expired within which a claimant may file a claim for compensation. Nor can the payment be made before the expiration of a full year, although a claim for compensation may have been filed and denied before the expiration of a year, for the simple reason that the claim filed may have been a spurious one, and the rightful claimant cannot be barred before the expiration of the full year given him by the statute. A claimant may, however, not only file a contest, but may make a claim in his own behalf at any time before the expiration of one full year from the death of an employé who comes under the provisions of the Industrial Act. From the foregoing it manifestly follows that the Commission cannot legally know who the rightful claimant is until the time for filing and contesting claims has elapsed, which in every case is one full year. Even after the year has elapsed, the Commission must have a reasonable time within which to hear and determine the facts in case dual claims are made or contests are filed. In no event, therefore, can the secondary liability of the employer or insurance carrier under the provisions of section 3140, subds. 1 and 2, be determined until more than one year has elapsed from the death of an employé who comes under the provisions of the act.

In this connection we remark that, while no special order requiring payment, by the Commission, is necessary, yet such an order is clearly not improper, and especially not in view that the Commission must always ascertain the amount of wages that the deceased earned at the time of his death and must also find the other facts necessary to determine the

amount that is due under the statute in case the deceased leaves no one dependent upon him. When those facts are ascertained and found, however, the amount is due and payable by operation of law and without any order for payment.

Plaintiffs have cited some cases which they contend tend to support their contention. It is not necessary to review any of those cases, since none of them touches the question here involved. Indeed, the statute speaks for itself. Moreover, the cases decided by this court which are referred to are all based upon the provisions of our statutes which were in force at the time those cases were decided. Since then the statute has been changed, and hence it would be useless to review or to further refer to those cases.

In view of what has been said, it follows that the order made by the Commission requiring plaintiffs, or one of them, to pay the amount stated in the order should be, and it accordingly is, affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.