HIRSCH *v.* FEDERAL STEEL CORP.

WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS—FILING OF CLAIM.

Employee's claim for compensation for injuries suffered when sheet steel fell upon him *held*, barred by two-year statute of limitations of workmen's compensation act, where employer filed report as for noncompensable accident, employee continued to work for same employer until laid off over two years after accident and no claim was filed until over five years after accident (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 5, 1935. (Docket No. 36, Calendar No. 38,342.) Decided January 31, 1936. Rehearing denied March 3, 1936.

Morris Hirsch presented his claim against Federal Steel Corporation, employer, and General Accident Assurance Corporation, insurer, for compensation for accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Sol A. Dann,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BUSHNELL, J. Defendants present for review, by certiorari, the award of the department of labor and industry in favor of plaintiff. The plaintiff, while an employee of the Federal Steel Corporation, was injured on March 20, 1929, when some sheets of steel slipped from a stack and fell upon him, covering his body from the abdomen downward. He was taken

to the Delray Hospital, where X-ray pictures were taken and when no serious injuries were found he was sent home.

The employer filed a noncompensable report with the department of labor and industry narrating the accident and stating that the plaintiff lost no time. The plaintiff continued to work thereafter for the Steel Corporation until April, 1931, when he was laid off. He has not worked since that time, and stated on the witness stand that he was unable to do so because of pains in his groins.

Soon after he was laid off the plaintiff went to live in the House of Shelter, where he remained until the early part of 1933. He then started to work by peddling soap, but because of soreness in his ankle he was unable to continue that employment. He went to the Northern Clinic and from there to the Receiving Hospital, in Detroit, where his ankle was bandaged, but no further treatment was given him, and he was thereupon discharged from that hospital.

On April 7, 1933, he went to the Eloise Hospital, and there on June 9, 1933, a herniotomy was performed on him.

On June 27, 1934, the plaintiff filed with the department of labor and industry a notice and application for adjustment of claim, wherein he alleged that by reason of the injury suffered on March 20, 1929, he had received a bilateral hernia, lumbo-sacral strain, lumbo-sacral and sacroiliac arthritis and injuries to his legs, feet and arterial system, and claimed compensation in the amount of $9,000.

Defendants filed a denial of liability, and claimed in defense that plaintiff did not sustain the personal injuries complained of in the course of his employment; that the disability, if any, was due to natural and constitutional causes; that no legal notice of the

alleged injuries had been given to the employer, nor had the employer knowledge thereof during the statutory period; and that no claim for compensation had been made within the period stated in the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*).

On a hearing before a deputy commissioner an award was made by him to the plaintiff, for total disability, in the sum of $18 per week commencing from May 1, 1931, and running from that time until the further order of the department.

Defendants filed an application for review before the full department, and set forth as reasons for claim for review the defenses raised before the deputy commissioner, with the additional claimed defense that the plaintiff was guilty of laches. The department, in January, 1935, entered its order affirming the award made to plaintiff by the deputy commissioner.

We think the department was in error. The accident occurred on March 20, 1929. The defendant Steel Corporation filed a noncompensable report thereof. Plaintiff now claims that because the employer failed to file a compensable report the defendants cannot now raise the statute of limitations contained in the workmen's compensation act. But there was no immediate disability of which a compensable report could be made. The employer reported no loss of time by the employee. There was no disability apparent at that time. No claim was then made by the plaintiff for compensation. He continued working until April, 1931, when he was laid off. Even then he made no claim for compensation, nor does the record disclose that he gave the employer any notice of disability, nor that the employer had any knowledge thereof, during the two-year

period following the accident. In fact no claim was made until over five years after the accident.

No claim having been made within the two-year period fixed by the statute, 2 Comp. Laws 1921, § 8431, the plaintiff's rights, if any he had, were barred. *Tinney* v. *City of Grand Rapids, ante,* 364; *Anderson* v. *Ford Motor Co.,* 273 Mich. 522; *Oado* v. *Ford Motor Co.,* 273 Mich. 510; *LaRosa* v. *Ford Motor Co.,* 270 Mich. 365; *Hayes* v. *Boutell,* 253 Mich. 628; *Millaley* v. *City of Grand Rapids,* 231 Mich. 10; *Brown* v. *Weston-Mott Co.,* 202 Mich. 592.

The award will be vacated, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.