CLAUDE M. PEASE v. MINNESOTA STEEL COMPANY.[1]

No. 30,625.

March 6, 1936.

[1]Reported in 265 N. W. 427, 266 N. W. 854.

*Dennis F. Donovan,* for relator.

*Sigmond M. Slonim,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an order granting workman's compensation.

December 8, 1928, the employe-respondent, Mr. Pease, in the course of his employment by the employer-relator, Minnesota Steel Company, as a switchman, had his hand caught between two cars which he was attempting to uncouple. He was immediately examined by relator's physician, who found nothing more serious than a bruised thumb. The thumb was bandaged and respondent went back to work. He continued for some two or three months to receive periodical treatment from the company doctor, but lost no time from work. A "non-disabling accident report" was filed with the industrial commission by the employer. It was not until September 25, 1933, that this proceeding was commenced by the filing of a "Claim Petition."

The first question presented is whether causal connection was established between the accident of December 8, 1928, and the 50 per cent disability in the use of his left thumb which respondent now claims to exist. That question was determined in his favor by the industrial commission in spite of the fact that they did not consider the evidence to "warrant a finding of relation between the permanent partial disability and the accident of December 8, 1928." They held that the employer had admitted such causal relation in its answer to the claim petition. The claim petition alleged the injury of December 8, 1928, and "that the character and extent of said injury is as follows: Loss of use of left thumb." The answer admitted those allegations. Probably that admission, if it had been allowed to stand alone, would have been enough to settle the question. But the issue of causal connection was the

554

principal question litigated by both parties before the referee and on appeal to the industrial commission. The argument that the issue was settled by the pleadings was first presented to the commission on the employe's petition for rehearing. It was then too late so to argue.

The record sustains the finding of the referee that as a result of the injury of December 8, 1928, respondent has suffered a permanent 50 per cent disability in the use of his left thumb. The testimony of respondent is that he has suffered from a stiff and partially disabled thumb continuously ever since the accident. That a permanent partial disability now exists is not seriously questioned. The "company doctor" who treated respondent after the accident testified that he discharged him January 22, 1929, and that "there was no remaining permanent disability in that thumb at that time." Asked on cross-examination if respondent then had "a full range of movement in that thumb," the doctor's reply was, "I think he must have or I would have made a record of it." Opposed is the positive testimony of respondent, who stated that "when he [the doctor] released me he told me it would be about the same as rheumatism. It would take nine months or a year before I could use the thumb." The testimony of two other physicians is that the present condition, judging by "the history" of the case, is the result of the accident in 1928. As they did not examine respondent until several years after the injury, they could not be sure of the precise cause. But they were positive that the disability is the result of some injury of the kind sustained December 8, 1928. And, although it is true that the record discloses that among eight subsequent injuries suffered by respondent was a first degree burn to the left thumb, the evidence makes it clear that there was no connection between that burn and the present disability. In fact the evidence does not even suggest any cause other than the accident of December 8, 1928.

■ The remaining question is whether the claim is barred by the two-year limitation provided by 1 Mason Minn. St. 1927, § 4282. The argument that this case falls within the rule of Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732, can-

not prevail because the mere furnishing of medical attention by an employer and the filing of a "non-disabling accident report" with the industrial commission does not constitute a proceeding or the beginning of one, before the industrial commission.

1 Mason Minn. St. 1927, § 4282, reads as follows:

"The time within which the following acts shall be performed * * * shall be limited to the following periods, respectively: (1) Actions or proceedings by an injured employe to determine or recover compensation; two years after *the employer has made written report of the injury* to the industrial commission but not to exceed six years from the date of the accident."

The "written report of the injury" required by that statute is that prescribed by 1 Mason Minn. St. 1927, § 4293, which calls for advice concerning—

"any accident to any employe * * * in the course of his employment, and which causes death or serious injury within forty-eight (48) hours * * * and of all other accidents which occur to any employe in the course of his employment * * * *provided that such injuries are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which the injury was sustained.*"

The main purpose of such notice is doubtless to enable the commission to advise the employe of his rights as required by 1 Mason Minn. St. 1927, § 4294. When the report is such as to lead the commission to believe that no just claim for compensation can arise, it serves no proper purpose.

It is immaterial whether the report here made by the employer was on a form approved by the commission. It was labeled "Non-disabling Accident Report." That the injury in question was at the time "sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn" is negatived by the fact that respondent immediately reported back to work after having his thumb bandaged. The report so stated, and there was nothing therein to advise the

commission of the possibility of a resulting claim for compensation. Hence respondent was not advised by the commission of his rights.

It should be further noted that the thing required by the statute (§ 4282) is a "written report of the injury." In Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397, the distinction between the words "accident" and "injury" as used in our workmen's compensation act is noted. It is there held that the time within which an *employe* must give the notice required by § 4280 to his employer of an injury not resulting in present disability begins to run from the date of the injury—that is, from the date when the disability becomes manifest—not from the date of the accident.

We repeat that the purpose of the employer's report is to advise the commission of accidents giving rise to a present right to compensation so that they in turn may advise the employe of his rights. It is equally clear that the two-year limitation applies only where the disabling nature of the injury and consequent right to compensation are apparent at the time. It is not intended to bar an employe's right to compensation where resultant disability and right to compensation do not appear until later.

Neither is its purpose to enable employers to relieve themselves of liability by keeping an employe at work after injury and filing a futile "non-disabling accident report," unauthorized by law. Such procedure might work manifest injustice on employes whose apparently minor injuries develop later into disability. Moreover, it would go far to deprive of purpose the six-year limitation. For in any case of industrial accident, even where the seriousness of injury does not become apparent for more than two years, the employer might avoid liability after two years by the mere filing of the unauthorized "non-disabling accident report." That was not the intention of the legislature. The whole proposition is simply this. The two-year period may be started, with the stated conditions precedent, by the employer's report. It cannot be so started by the report without those conditions. To hold otherwise would be to permit *generally* what the statute authorizes only in the *particular* cases mentioned.

The order under review is affirmed.

Respondent is allowed attorney's fees in the sum of $75.

## Upon Application For Reargument.

On May 8, 1936, the following opinion was filed:

Stone, Justice.

The relator-employer's petition for rehearing is denied.

The decision in Hirsch v. Federal Steel Corp. 274 Mich. 406, 264 N. W. 844, holding applicable to a similar situation the Michigan statute of limitations, is distinguishable because of controlling statutory differences. 2 Comp. Laws Michigan, 1929, § 8431, requires, or at least authorizes, a report from the employer of *all* accidents, whether disabling or not, and the statute of limitations, which is six months where such a report is made, does not begin to run in favor of the employer or his insurer until such a report is filed. There is no provision such as ours requiring the statutory employer's report only in case of an accident which is disabling to the extent indicated by 1 Mason Minn. St. 1927, § 4282.

Furthermore, the Michigan statute provides that "no such claim shall be valid or effectual for any purpose [whether reported by the employer or not] unless made within two years from the date the accidental personal injury was sustained." Hence, the Michigan court held in the Hirsch case, 274 Mich. 406: "No claim having been made within the two-year period * * * the plaintiff's rights, if any he had, were barred." Our statute, on the other hand, provides a maximum period of six years from the date of the accident within which proceedings to recover compensation may be begun. In the instant case the proceedings were commenced within that period.