## JULIUS SCHMAHL v. SCHOOL DISTRICT NO. 12, PINE COUNTY.[1]

June 18, 1937.

No. 31,206.

[1] Reported in 274 N. W. 168.

*William S. Ervin,* Attorney General, and *Louis F. Soukup,* Special Assistant Attorney General, for appellant.

*Michael B. Hurley,* for respondent.

STONE, JUSTICE.

The state treasurer appeals from an order denying his application for judgment under 1 Mason Minn. St. 1927, § 4318 (amended by L. 1935, c. 314, § 1, 3 Mason Minn. St. 1936 Supp. § 4318). Appellant's claim is that respondent is under obligation to pay $200 to the state's "special compensation fund" pursuant to 1 Mason Minn. St. 1927, § 4276.

October 20, 1927, one Harold Rafferty was accidentally killed in the course of his employment by respondent. December 22, 1927, Sarah Rafferty, his mother, filed with the industrial commission and later dismissed a petition claiming dependency and compensation under the workmen's compensation act. October 14, 1933, in the last days of the six years from the date of her son's death, she filed a second petition. Thereon, January 23, 1936, a referee of the industrial commission found that said Harold Rafferty left no dependents and ordered respondent to pay to appellant, as custodian of the special compensation fund, $200 in accordance with § 4276. Construing that order as an award of compensation under the

statute, appellant applied to the district court of Ramsey county under § 4318, as amended by L. 1935, c. 314, § 1, for judgment thereon. The application for judgment was denied on the grounds (1) that the law in effect at the time of death controls; (2) that the application for judgment is barred by §§ 9185, 9186, and 9191, governing limitations of actions; and (3) that L. 1935, c. 314, § 1, pursuant to which the application was made, does not apply.

■ We are clear that the decision below was correct upon all three points just stated. It is elementary that the substantive rights of the parties under the compensation law are fixed by the statutes in force at the time of the accident, in this case that of the death of young Rafferty on October 20, 1927. Eberle v. Miller, 170 Minn. 207, 212 N. W. 190; .Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681.

■ It is equally clear that appellant claims on "a liability created by statute." Therefore the cause of action is barred within six years of its accrual under § 9191. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473. It is unthinkable that the legislature intended that the employer's liability to contribute to the special compensation fund should be more durable in point of time than his duty to compensate an employe or his dependents for injury to or death of the former. And "actions or proceedings by an injured employe" to recover compensation must be commenced at the very latest within "six years from the date of the accident." Section 4282 applied in Pease v. Minnesota Steel Co. 196 Minn. 552, 265 N. W. 427, 266 N. W. 854.

■ For appellant it is argued that § 4318, as amended by L. 1935, c. 314, § 1, affords escape from the limitation above applied. The obligation to make contribution to the special compensation fund as it was at the time of Rafferty's death was fixed by the following language from § 4276:

"Every employer shall pay to the state treasurer for every case of injury occurring in his employ and causing death in which there are no persons entitled to compensation the sum of two hundred ($200.00) dollars, which is to be placed into this special compensa-

tion fund and to be used to pay the benefits provided by this section."

L. 1935, c. 314, § 1, amended § 4318, as far as now important, so as to read as follows:

"On at least thirty days' default in the payment of compensation due under any award  *  *  *  the employe or dependents entitled to such compensation may file a certified copy of such award with the clerk of the district court of any county in the state, and on ten days' notice in writing to the adverse parties  *  *  *  may apply to the judge of any district court for judgment thereon.  On such hearing the judge  *  *  *  shall order judgment accordingly, *  *  *.  If any such award provides for the payment of money to a person other than such employe or dependent, such other person may by the same procedure obtain an entry of judgment for such sum as is payable to him by such award."

The last sentence was added by the 1935 amendment.

Upon these provisions is predicated the argument for appellant that his cause of action "accrued upon 30 days' default on the part of the respondent herein to comply with the order of the referee [of the industrial commission] dated January 23, 1936." If that were so the cause of action would not be barred.  But it is not so for the simple reason that there has been no award of "compensation" to appellant within the meaning of the statute.  Payments to the special compensation fund are not compensation to injured employes or their dependents, nor are they compensation of any kind. They are simply fixed sums which, both as to amount and obligation to pay, are determined by statute.  The new sentence added to § 4318 by the 1935 law, as above indicated, plainly applies to provisions made in a decision of the industrial commission or a referee for the payment of sums due under the compensation act for services rendered an injured employe by lawyers, doctors, and hospitals.

Another difficulty with argument for appellant is that it fails to distinguish between the cause of action as such and the remedy given by statute for its enforcement.  Obviously, appellant's cause

of action accrued on the death of Rafferty without dependents. It did not toll the running of the statute of limitations that the procedure for the determination, by the industrial commission or the courts, of the facts might have taken some time. The important and decisive thing is that the facts, when developed, indicated that the cause of action as such ripened automatically upon the death of the employe. In such a case the duty of the employer to make payment to the special compensation fund "arises by operation of law." Utah Oil Ref. Co. v. Industrial Comm. 63 Utah, 599, 603, 227 P. 1031, 1032. "The direction by the Commissioner to pay the Treasurer is not an award of compensation, but it is the direction * * * to the carrier to pay the amount which the statute directs." State Treasurer v. West Side Trucking Co. 198 App. Div. 432, 434, 191 N. Y. S. 346, 348.

The argument for respondent is entirely correct that the application of the statute urged on behalf of appellant would "require that in all death cases where there are no dependents, it would be necessary to have somebody [who in fact had no claim] file a claim as a dependent and have an adverse decision by the commission on such claim before the state treasurer (or now the Industrial Commission) [under L. 1935, c. 311, § 1, 3 Mason Minn. St. 1936 Supp. § 4276] could take any step" to collect the payment admittedly due from the employer.

Affirmed.

MR. JUSTICE PETERSON, having been attorney general when the appeal was taken, took no part in the consideration or decision of this case.