GUILLERMO ATILES MOREU AS MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. THE INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and Juan Janeiro Vélez, injured workman, Respondents.

No. 488.    Argued November 3, 1954.—Decided November 30, 1954.

Donald R. Dexter, Aida Casañas O'Connor and Rafael A. Oliveras Vera for petitioner.    Juan Janeiro Vélez, pro se.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The issue here is whether workman's compensation is fixed on the basis of a maximum in effect at the time of the accident or at the time of the decision of the case by the Industrial Commission.

Juan Janeiro Vélez was injured on June 21, 1952. The Commission, which decided the case on May 27, 1954, gran-

---

[4] I concurred with those statements being fully aware of the existence of Act No. 229.

ted him compensation as follows: (1) 66–⅔% for loss of his general physiological functions, on the basis of a maximum of $3,500; (2) 66–⅔% disfigurement of the face, on the basis of a maximum of $500. The Commission rejected the contention of the Manager of the State Fund that it should apply to this case the maximum of $3,000 for permanent partial disability and the maximum of $300 for disfigurement which were fixed in the Workmen's Accident Compensation Act at the time the accident occurred. Instead, the Commission used the maxima of $3,500 and $500, respectively, which were established by Act No. 115, Laws of Puerto Rico, 1953, enacted subsequently to the date of the accident. We granted the petition of the Manager for review of this decision of the Commission.

It is true that the Workmen's Accident Compensation Act is remedial legislation which should be liberally construed in favor of employees. However, when the accident involved herein occurred Janeiro was entitled at the most to the maxima of $3,000 and $300, respectively. The Legislative Assembly if it chose could have provided in Act No. 115 that the higher maxima provided therein shall apply not only to future accidents but also to prior accidents in which compensation had not yet been granted. The silence of Act No. 115 on this question brings into play the provision of our Civil Code that "Laws shall not have a retroactive effect unless they expressly so decree." See *Luce & Co.* v. *Minimum Wage Board*, 62 P.R.R. 431, 448; *López* v. *South P. R. Sugar Co.*, 62 P.R.R. 227. In the absence of an express provision in the law to the contrary, the test as to substantive rights is what the law provides at the time of the accident, not what it provides when the case is decided. This is in accord with workmen's compensation cases decided in other jurisdictions. *Illinois Zinc Co.* v. *Industrial Commission*, 9 N.E.2d 212 (Ill., 1937); *Schmahl* v. *School Dist. No. 12 of Pine Country*, 274 N.W. 168 (Minn., 1937); *So-*

*lomon* v. *A. W. Farney, Inc.*, 286 N.W. 254, 259 (Neb., 1939);
*Lancaster* v. *State Compensation Com'r*, 23 S.E.2d 601
(W.Va., 1942); *Lynch* v. *State*, 145 P.2d 265 (Wash.,
1944); *Thomas* v. *Crummies Creek Coal Co.*, 179 S.W.2d
882 (Ky., 1944); *Ellis* v. *Kroger Grocery & Baking Co.*,
152 P.2d 860 (Kan., 1944).

The order of the Industrial Commission will be reversed
and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Ortiz did not participate herein.