## MRS. DOROTHY INVIE v.
## CONTROL DATA CORPORATION.

247 N. W. 2d 425.

November 19, 1976—No. 46533.

*Oppenheimer, Wolff, Foster, Shepard & Donnelly* and *Keith E. Goodwin,* for relator.

*Carroll, Cronan, Roth & Austin, Thomas A. Foster,* and *John Doyle,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

The employer seeks review of a decision of the Workers' Compensation Board holding that the employee's claim for compensation benefits is not barred by Minn. St. 176.151(1). No hearing on the merits of the employee's claim has been held pending resolution of this legal issue.

On April 22, 1970, the employee allegedly injured her back at

work while lifting heavy material. Although she missed no time from work immediately after the injury, her symptoms progressively worsened until June 15, 1970, when she asked to be placed on medical leave.

In August, the employer's manager of claims and compensation received from the employee a claim for long-term disability. A first report of injury was prepared in response to the claim and sent to the Workers' Compensation Board on September 11, 1970. This report stated that the date of the claimed injury was April 22, 1970, identified the injury as a back injury, and contained the following question and answer: "Did claimed injury or disease cause loss of time? No." At the bottom of the report was the following notation: "On medical leave in July [6] Processed under Group Insurance."

On November 22, 1974, the employee filed a claim petition with the Workers' Compensation Board. The employer answered that the claim was barred by the 2-year limitation provision of Minn. St. 176.151(1) and sought summary judgment on that basis. The compensation judge and the unanimous commission held that the claim was subject to the 6-year statute of limitations in § 176.151(1) and referred the claim for a hearing on its merits.

Section 176.151 provides in part as follows:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1)    Actions or proceedings by an injured employee to determine or recover compensation, *two years after the employer has made written report of the injury to the commissioner of the department of labor and industry,* but not to exceed six years from the date of the accident." (Italics supplied.)

In Pease v. Minnesota Steel Co. 196 Minn. 552, 265 N. W. 427 (1936), we held the shorter limitation period did not apply where the possibility of resulting disability was not apparent at the time of the accident, where the report failed to disclose the nature of the injury, and where the employee lost no time from work immediately following the accident. We noted that the pri-

mary purpose of the first report of injury was to advise the commission of accidents giving rise to a present right to compensation and to enable it to advise the employee of those rights.

The employer argues that the first report of injury fulfilled the requirements set out in Pease by noting that the employee was on medical leave after July 6, 1970. This notation, read in conjunction with the earlier statement that the injury did not cause loss of time from work, could easily be interpreted as meaning that the medical leave was unrelated to the claimed injury. Because the filing of a disabling first report of injury has the effect of markedly limiting the period of time during which the employee may file a claim for disability benefits, the employer must be held to strict compliance to the standards governing the report's contents. An ambiguity such as the one herein must be charged to the employer rather than allowed to defeat a legitimate claim for compensation.

Employee respondent is allowed $350 attorneys fees.

Affirmed.