Curtis **FREESE**, Respondent,

v.

**CARL'S SERVICE, Middletown Tire Service, et al., Relators.**

No. C0–85–891.

Supreme Court of Minnesota.

Nov. 1, 1985.
Rehearing Denied Dec. 13, 1985.

John R. McBrien, St. Paul, for appellant.

Timothy J. McCoy, Minneapolis, for respondent.

## OPINION

YETKA, Justice.

The sole issue before us in this workers' compensation case is whether the 3-year statute of limitations provided in Minn.Stat. § 176.151, subd. 1 (1984) is applicable to bar a proceeding commenced by employee Curtis Freese against relators, Carl's Service and St. Paul Insurance Companies, on May 17, 1982, to obtain compensation for an injury employee had sustained in June 1976. The Workers' Compensation Court of Appeals held, contrary to the compensation judge, that this limitation provision was not applicable. We reverse.

The compensation judge initially found that employee had sustained the claimed work-related injury, permanent partial disability, and temporary total disability, and that the employer had received timely notice of the injury. He determined also that the 3-year limitation set forth in Minn.Stat. § 176.151, subd. 1 (1984) was not applicable and that the employee had 6 years in which to commence a proceeding because the employer had filed a "no-time-lost" report of injury on February 13, 1979. Consequently, he held that the claim was timely and that employee was entitled to compensation.[1]

The employer's duty to file a report of injury was imposed by Minn.Stat. § 176.231 (1976) (current version at Minn.Stat. § 176.-231 (1984)), which provided in part:

Where any other injury occurs which wholly or partly incapacitates the employee from performing labor or service for three days or longer, the employer shall report the injury to the commissioner of the department of labor and industry within 15 days from its occurrence.

---

1. Employee also sought and was awarded compensation for disability caused by an injury sustained in 1978 while in the employ of Middle-town Tire Service. No appeal was taken from that award.

Minn.Stat. § 176.151 (1984), also in effect in June 1976, provides in part:

The time within which the following acts shall be performed shall be limited to the following periods, respectively:

(1) Actions or proceedings by an injured employee to determine or recover compensation, three years after the employer has made written report of the injury to the commissioner of the department of labor and industry, but not to exceed six years from the date of the accident.

*Id.*

In determining that the 3-year statute of limitations set forth in section 176.151, subd. 1 was not applicable and that employee could commence his action within 6 years of the date of injury, the compensation judge relied on *Pease v. Minnesota Steel Co.*, 196 Minn. 552, 265 N.W. 427 (1936). In *Pease*, the pertinent statutes were Minn.Stat. § 4282 (Supp.1934), providing for a limitation of "two years after the employer has made written report of the injury to the Industrial Commission but not to exceed six years from the date of the accident" and Minn.Stat. § 4293 (Supp. 1934), requiring an employer to file a written report of any accident causing injuries sufficient to incapacitate the employee "from labor or service for more than the remainder of the day, shift or term on which the injury was sustained." The employee sustained an injury to his thumb which caused him to miss work no longer than necessary to have it bandaged, and the employer filed a report with the Industrial Commission indicating that no time had been lost from work. Later, employee's thumb became stiff and partially disabled. This court determined that the purpose of the employer's report was to advise the commission of accidents giving rise to a present right to compensation so that the commission could advise the employee of his rights, as it was required to do by Minn.Stat. § 4294 (Supp.1934). We said also that the 2-year limitation "applies only where the disabling nature of the injury and consequent right to compensation are apparent at the time." *Pease*, 196 Minn. at 556, 265 N.W. at 429. Without considering that statement, the compensation judge determined in the present case that the 3-year limitation was inapplicable because, like the report in *Pease*, the employer's report of injury, filed in February 1979, did not indicate that employee had sustained disability.

On relators' appeal, the WCCA concluded correctly that the basic reason for our holding the 2-year limitation inapplicable in *Pease* was that the employee had never been advised of his rights by the commission after the no-time-lost report was filed. Minn.Stat. § 176.235 (1978), the counterpart of Minn.Stat. § 4294 (Supp.1934) in effect when the report of injury was filed in February 1979, provides that when the commissioner of the Department of Labor and Industry has received information that an employee may have sustained a compensable injury, he shall mail the employee a "form letter notice to the employee stating briefly and simply the rights and duties of the employee in such case" and the employer's duty to pay compensation and medical expenses. Minn.Stat. § 176.235. Because there was no evidence in the record concerning whether employee had received such advice, the WCCA remanded the matter for an evidentiary hearing on that question.

After a hearing on that issue, the compensation judge made additional findings determining that employee had, in fact, sustained a disabling injury in June 1976; that the fact was apparent to him when he discussed his claim with the employer in February 1979; that he was subsequently advised by the Workers' Compensation Division by a mailed form on February 15, 1979, of the report of injury filed by the employer on February 13, 1979, and of his rights to compensation if he had suffered disability; that on March 2, 1979, he was sent a copy by the division of the denial of liability filed by the insurer on that date; and that he was also then sent another

form containing further instructions about his rights.[2]

The compensation judge concluded, based upon these additional findings, that employee's claim was barred by the 3-year limitation. He distinguished *Pease* because, there, the injury had not been disabling when the report was filed and the employee had not been advised about his rights.

On employee's appeal from this decision, the entire WCCA adopted the additional findings. However, while two members agreed with the compensation judge's determination that the 3-year limitation applied, the majority added a further finding: that the employer had not complied with Minn.Stat. § 176.231 because it had failed to file a report of the disabling injury in 1976. Based on this finding, the majority concluded that the employer's failure to comply with that statute constituted a waiver of its right to assert the 3-year limitation period. They also held that the employer was estopped from doing so. Consequently, the WCCA majority concluded that the 6-year period governed employee's claim, and he was entitled to compensation. However, we are compelled to hold that neither the statutes nor the evidence in this case furnishes an adequate basis for holding that waiver and estoppel prevent application of the 3-year limitation period.

■ Nothing in Minn.Stat. § 176.151, subd. 1 or Minn.Stat. § 176.231 supports the WCCA's determination that the employer's failure to file a timely report of injury constitutes a waiver by him of the 3-year statute of limitations. The meaning of section 176.151, subdivision 1 is plain: It provides for a 3-year limitation period which begins to run when the report of injury is filed,

provided that the employee is then advised of his rights by the commissioner of the Department of Labor and Industry and subject to the further provision that, in no event, will the time in which to commence a compensation proceeding exceed 6 years from the date of injury. There is no requirement in this section for a timely filing of the report of injury nor is there any provision that the employer can assert the 3-year limitation period only if he has filed the report within the time required by section 176.231. Furthermore, section 176.231 does not provide that failure to file a timely report of injury will result in waiver of the 3-year limitation period.[3]

■ Because the employer had timely notice of the 1976 injury and knew employee was disabled at the end of June 1976, the WCCA majority concluded that the employer was put "on inquiry" and should have filed a report of a disabling injury then. There was also evidence, however, that employee had sustained a shoulder injury at home during June 1976 and that the employer did not know the work injury had resulted in disability and, thus, did not think it necessary to file a report of injury until February 1979 when employee first came to him to discuss the compensability of that injury. There is no evidence that the employer, at any time, made misleading or untrue representations to employee concerning the claim—the type of conduct which would estop an employer from asserting the 3-year statute of limitations. *See Neuberger v. Hennepin County Workhouse,* 340 N.W.2d 330 (Minn.1983); *see also, Kahn v. State,* 289 N.W.2d 737 (Minn. 1980). In the present case, the employer did not make such representations at any time, and there is an insufficient basis in

---

**2.** The form sent employee on March 2, 1979, advised employee that he was free to pursue a claim for compensation benefits if he believed his injury was related to his employment and that:

> Under the law, legal proceedings to recover benefits must be initiated by you within three years after your employer or his insurance carrier made written report of your claimed injury or disease to the Division. If you fail to initiate legal proceedings within three

years, your claim will be barred by the statute of limitations.

Both forms also informed employee that he could consult with a Workers' Compensation Division attorney if he wished legal advice.

**3.** Minn.Stat. § 176.231 provides for the consequences of a failure to file a report of injury or a medical report within the time limitations of that section; section 176.231, subdivision 10 provides for a $50 penalty for "each such failure."

the record to justify a determination that the employer is estopped from asserting the 3-year statute of limitations. The compensation judge correctly determined that employee's claim is barred.

Reversed.